UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RANGA BRAHMAMDAM, M.D.** : | Case No. 1:19-cv-00152 |
| c/o Jacobs, Kleinman, Seibel & : | |
| **McNally LPA** : | Judge |
| **30 Garfield Place, Suite 905** : | Magistrate Judge |
| **Cincinnati, Ohio  45202,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| -vs- : | |
| : | |
| **TRIHEALTH G, LLC** : | **COMPLAINT WITH JURY DEMAND** |
| **d/b/a TriHealth Physician Partners** : | |
| **619 Oak Street** : | |
| **Cincinnati, Ohio  45206** : | |
| : | |
| and : | |
| : | |
| **TRIHEALTH, INC.** : | |
| **619 Oak Street** : | |
| **Cincinnati, Ohio  45206** : | |
| : | |
| **Defendants.** : | |

## I. THE PARTIES

1. Plaintiff is a physician residing in Cincinnati, Hamilton County, Ohio.  Plaintiff's is dark skinned and of Indian descent.  He is over 40 years old and practices Hindu religion.

2. TriHealth Oncology Institute LLC ("TriHealth LLC") is an Ohio domestic limited liability company with its principal place of business in Hamilton County, Ohio.  It is not named as a Defendant, but is the assignor of a certain Employment Agreement entered into with Plaintiff and later assigned to Defendant TriHealth G LLC ("TriHealth Physicians") on or about October 1, 2013.

3. TriHealth is an Ohio domestic non-profit corporation with its principal place of business in Hamilton County, Ohio. It is affiliated with Good Samaritan Hospital and owns or controls the operation of that entity. It is a joint employee of Plaintiff.

4. Defendant TriHealth G, LLC, d/b/a TriHealth Physician Partners ("TriHealth Physicians") is an Ohio domestic, non-profit liability company with its principal place of business in Hamilton County, Ohio. It previously employed Plaintiff. Upon information and belief TriHealth is the majority and/or sole member of TriHealth Physicians.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this case rests upon 42 U.S.C. §1981, 42 U.S.C. §2000e et seq. 29 U.S.C. §626(c), 42 U.S.C. §1985, 42 U.S.C. §1988, and 28 U.S.C. §1331. Jurisdiction over Plaintiff's state court claims is based upon this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

6. Venue is based on 28 U.S.C. §1391(b) and §1391(c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district and the Defendants are located in this judicial district.

## III. STATEMENT OF FACTS

7. Since October of 1999 Plaintiff has provided exemplary oncology services for patients through the greater Cincinnati and Tri-State area. In 1999 Plaintiff was hired by Oncology Partners Network.

8. In 2010 Oncology Partners Network was purchased by TriHealth and/or TriHealth Oncology Institute LLC. Plaintiff began working for TriHealth Oncology Institute, LLC as an oncologist physician at that time pursuant to an employment contract.

9. In 2013 Plaintiff's employment contract was assigned to TriHealth Physicians. Until August 27, 2018 Plaintiff continued to work as an oncologist physician. Plaintiff performed his job duties in a capable and competent manner.

10. On August 27, 2018 Plaintiff was unjustly and discriminatorily terminated from his position by officers at TriHealth Physicians and officers or employees at TriHealth. Plaintiff states that his termination was unlawful.

11. During Plaintiff's employment, he was told by officers and managers associated with TriHealth Physicians and TriHealth in regard to his race and national origin that "you Indians are all about money". He was also told that TriHealth Physicians and TriHealth intended only to hire Americans.

12. Plaintiff was also asked by officers and managers that are associated with TriHealth Physicians and TriHealth whether he really wanted to work "for another ten years" and was asked when he intended to retire.

13. Plaintiff's religious practices were also criticized during his employment with TriHealth physicians. Plaintiff was asked why he needed to pray in the morning and the purpose of carrying religious books in the work place.

14. Also, as part of his religious practices, Plaintiff would place sacred ash on his forehead as a religious ritual consistent with the practice of his Hindu religion. On numerous occasions, Plaintiff was asked in a sarcastic manner why he needed to wear ash on his forehead while at work.

15. Within the last year, TriHealth Physicians and TriHealth have hired persons who are substantially and significantly younger than him to provide cancer treatment for patients at TriHealth. These substantially younger persons include Samer Alsidawi, Salius Girnius, Ben

Kuritzy, and Seerin Shatavi, Brian Singletary, and Edward Crane. None of these individuals are of Indian descent, or practice the Hindu religion.

16. The articulated reasons for Plaintiff's termination is pretextual.

17. On or about February 4, 2019, Plaintiff filed a charge of discrimination against TriHealth with the EEOC asserting claims of discrimination based upon race, national origin, color, age, and religion. That charge was assigned number 473-2019-00519. On February 22, 2019, the EEOC issued its Notice of Right to Sue letter. A copy of that document is attached as Exhibit A.

18. On or about February 4, 2019, Plaintiff filed a charge of discrimination against TriHealth Physicians with the EEOC asserting claims based upon race, national origin, color, age and religion. That charge was assigned number 473-2019-00650. On February 22, 2019, the EEOC issued its Notice of Right to Sue letter. A copy of that document is attached as Exhibit B.

### IV. CAUSES OF ACTION

#### COUNT ONE
#### Discrimination under 42 U.S.C. §1981
#### (All Defendants)

19. Plaintiff realleges the allegation set forth above as if fully set forth herein.

20. Plaintiff is dark skinned and of Indian descent and within those protected classes. As an employee of TriHealth Physicians, Plaintiff seeks to make or enforce contracts for services provided by the Defendants.

21. Because of his race, Defendants TriHealth and TriHealth Physicians' termination of Plaintiff has intentionally deprived Plaintiff of the same rights that are enjoyed by Caucasian and non-Indian physicians in the creation, performance, enjoyment, and all benefits and privileges

of his contractual relationships with TriHealth and TriHealth Physicians, his patients, and third party insurance companies in violation of 42 U.S.C. §1981.

22. Under 42 U.S.C. §1981 and §1988, Plaintiff is entitled to compensatory damages and attorney fees individually against the Defendants.

23. By their discriminatory actions as alleged above, Defendants have acted with malice or reckless indifference to the rights of Plaintiff thereby entitling him to an award of punitive damages against all Defendants.

## COUNT TWO
### Violation of Title VII 42 U.S.C. §2000(e) et seq.
### (All Defendants)

24. Plaintiff realleges the allegation set forth above as if fully set forth herein.

25. Defendants jointly acted as Plaintiff's employer during the time that he was associated with TriHealth and TriHealth Physicians.

26. Defendants' termination of Plaintiff on August 27, 2018 was because of his color, national origin, race, and religion in violation of Title VII.

27. As a direct and proximate result of Defendants' unlawful actions, Plaintiff is entitled to compensatory and punitive damages and also attorney fees.

## COUNT THREE
### Violation of 29 U.S.C. §626 et seq.
### (All Defendants)

28. Plaintiff realleges the allegations set forth above as if fully set forth herein.

29. Defendants jointly acted as Plaintiff's employer during the time that he was associated with TriHealth and TriHealth Physicians.

30. Defendants' termination of Plaintiff on August 27, 2018 was because of his age in violation of the ADEA.

31. As a direct and proximate result of Defendants' unlawful actions, Plaintiff is entitled to backpay, front pay, liquidated damages for their unlawful conduct, and reasonable attorney fees.

## COUNT FOUR
### Conspiracy to Interfere with Civil Rights 42 U.S.C. §1985
### (All Defendants)

32. Plaintiff realleges the allegations set forth above as if fully set forth herein.

33. 42 U.S.C. §1985(3) prohibits individuals from depriving persons of rights and privileges under federal law.

34. The Defendants conspired to and/or recklessly engaged in conduct to discriminate against Plaintiff by treating him differently from other similarly situated Caucasian and non-Indian physicians practicing medicine at TriHealth and with TriHealth Physicians. By their conduct, Plaintiff has been denied equally protection of laws.

35. Defendants' actions were directly motivated by Plaintiff's race.

36. As a direct and proximate result of the aforementioned acts and conduct by the Defendants, the Plaintiff's ability to provide medical care to patients and practice medicine, his relationship with third party insurers, and his contract with TriHealth Physicians and his relationship with TriHealth have been interfered with and as a result, Plaintiff has suffered damages.

## COUNT FIVE
### Violation of Ohio Revised Code §§4112.02(A) and 4112.99
### (All Defendants)

37. Plaintiff realleges the allegations set forth above as if fully set forth herein.

38. Defendants' discriminatory conduct in terminating Plaintiff because of his race, color, national origin, religion and age is a violation of O.R.C. §§4112.02(A).

6

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff is entitled to all relief as set forth in O.R.C. §4112.99.

## COUNT SIX
### Violation of O.R.C. §§4112(J) and 4112.99
### (All Defendants)

40. Plaintiff realleges the allegation set forth above as if fully rewritten herein.

41. The Defendants have violated Ohio Revised Code §4112.02(J) as they have conspired, aided, and abetted with each other to violate the provisions of O.R.C. Chapter 4112.

42. As a direct and proximate result, Plaintiff is entitled to all damages as provided in O.R.C. §4112.99.

Wherefore, for the above reasons, Plaintiff demands judgment against Defendants for the following:

    a. Compensatory damages against each Defendant in an amount in excess of $2 million dollars each;

    b. Punitive damages against each Defendant in an amount in excess of $2 million dollars each;

    c. Attorney's fees and costs of court pursuant to 42 U.S.C. §2000d et seq., 42 U.S.C. §1981, 42 U.S.C. §1985, 42 U.S.C. §1988, Title VII, and the ADEA.

    d. Reinstatement

    e. All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/   Mark J. Byrne
**MARK J. BYRNE (0029243)**
Trial Attorney for Plaintiff
JACOBS, KLEINMAN, SEIBEL & McNALLY, LPA
Cincinnati Club Building
30 Garfield Place, Suite 905
Cincinnati, Ohio  45202
Phone:  (513)  381-6600
Fax:     (513)  381-4150
E-mail:  mbyrne@jksmlaw.com

JURY DEMAND

Plaintiff hereby demands a trial of all issues by a jury.

/s/    Mark J. Byrne
**MARK J. BYRNE (0029243)**