UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RANGA BRAHMAMDAM, M.D.,
Plaintiff,

vs.

TRIHEALTH, INC, et al.,
Defendants

Case No. 1:19-cv-152
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff initiated this employment discrimination action in February 2019, alleging claims under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 29 U.S.C. § 626, 42 U.S.C. § 1985, and state law. (Doc. 1). This matter is before the Court on plaintiff's motion for leave to file a second amended complaint (Doc. 19) and defendant Margo Alexander's response in opposition (Doc. 20).

**I. Standard of Review**

Fed. R. Civ. P. 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). If a plaintiff wishes to amend the complaint after the 21-day period has expired, it must obtain written consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2).

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a

Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

**II. Resolution**

Plaintiff moves file a second amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). (Doc. 19 at 2). The proposed second amended complaint alleges that plaintiff, a doctor, was hired by Oncology Partners Network in 1999 to provide oncology services for patients in the Cincinnati area, which was purchased by TriHealth Oncology Institute, LLC in 2010. (Doc. 19-1 at ¶¶ 8-9). In 2013, plaintiff's employment contract was assigned to TriHealth Physicians where he continued to work as an oncologist until August 27, 2018. (*Id.* at ¶ 10). Plaintiff alleges that he was unlawfully terminated from his position by officers or employees at TriHealth. (*Id.* at ¶ 11). Plaintiff alleges that he was subjected to discrimination and insults based on his race, national origin, age, and religious practices during his employment with TriHealth. (*Id.* at ¶¶ 12-15). Plaintiff alleges that within the last year, TriHealth has hired persons who are substantially younger, are not of Indian descent, and do not practice the Hindu religion. (*Id.* at ¶ 16). Plaintiff brings claims against the TriHealth defendants under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 29 U.S.C. § 626, 42 U.S.C. § 1985, and state law.

The proposed second amended complaint also alleges an alternate claim of tortious interference with contractual relations against defendant Margo Alexander pursuant to Fed. R. Civ. P. 8(d)(2)-(3).[1] Plaintiff alleges that defendant Alexander, who is not a TriHealth employee, contacted TriHealth's legal and human resources department for purposes of interfering with plaintiff's employment relationship and employment contract. (*Id.* at ¶ 49). Plaintiff alleges that

---

[1] Defendant Alexander accepts the factual allegations of the proposed second amended complaint as true solely for the purposes of her memorandum in opposition to plaintiff's motion to file a second amended complaint. (Doc. 20 at 1 n.1).

2

he previously instructed defendant Alexander to stop stalking him in June 2018. (*Id.* at ¶ 48). Plaintiff alleges that defendant Alexander met with two TriHealth employees in July 2018 and "falsely alleged that Plaintiff had engaged in a physical relationship with her; had acted in an immoral manner towards her and others; and engaged in other non-professional conduct." (*Id.* at ¶ 50). In August 2018, plaintiff alleges that defendant Alexander made statements to the TriHealth employees that plaintiff had engaged in unwanted, affectionate conduct towards her and other female employees. (*Id.* at ¶¶ 51-52).

In moving to file the second amended complaint, plaintiff argues that he seeks to clarify his claim for tortious interference in response to defendant Alexander's motion to dismiss. (Doc. 19 at 2). In response, defendant Alexander argues that plaintiff's motion to amend is futile because he impermissibly attempts to plead an alternate claim or theory under Fed. R. Civ. P. 8(d) by realleging the same factual allegations that he alleged against the TriHealth defendants, which defendant Alexander contends are inconsistent and contradictory with plaintiff's tortious interference with contractual relations claim. (Doc. 20 at 4-6). Specifically, defendant Alexander challenges the paragraph in Count Eight of plaintiff's proposed second amended complaint that "realleges the allegation set forth above as if fully rewritten herein" as inconsistent with the rest of the factual allegations contained in Count Eight. (*Id.* at 6).

Federal Rule of Civil Procedure 8(d) allows a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). Under Rule 8(d)(3), "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). "The Federal Rules of Civil Procedure permit pleading in the alternative and even the pleading of inconsistent claims." *Son v. Coal Equity, Inc.*, 122 F. App'x 797, 802 (6th Cir. 2004) (citing former Fed. R. Civ. P.

3

8(e)(2)). *See also Ajuba Intern., L.L.C. v. Saharia*, 871 F. Supp. 2d 671, 688 (E.D. Mich. 2012) ("Under Rule 8, a pleading does not become insufficient by reason of a party having made alternative, or even contradictory, claims."). While Rule 8(d)(3) allows inconsistent claims, it does not allow a plaintiff to make "clashing factual assertions . . . in the context of the same claim." *Aaron v. Medtronic, Inc.*, 209 F. Supp. 3d 994, 1015 (S.D. Ohio 2016) (citing *Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 175 F. Supp. 2d 489, 492 (S.D.N.Y. 2000)).

In this case, plaintiff's proposed second amended complaint alleges a tortious interference with contractual relations claim against defendant Alexander as an alternative claim pursuant to Fed. R. Civ. P. 8(d)(2) and (3) in Count Eight. (Doc. 19-1 at ¶ 47). However, Count Eight also "realleges the allegation set forth above as if fully written herein." (*Id.* at ¶ 46). The allegations set forth above Count Eight relate to alleged discrimination or unlawful action against plaintiff taken by the TriHealth defendants. Defendant Alexander argues that "[p]laintiff's allegations and claims against the TriHealth Defendants cannot be used to determine [whether] the singular claim against Alexander is sufficiently plead [sic] because the TriHealth Defendants and Alexander are completely unrelated parties, and Plaintiff is seeking relief for *contradictory* rather than *alternative* claims." (Doc. 20 at 6) (emphasis in original). Defendant Alexander states that plaintiff's factual allegations against defendant Alexander could only be a viable alternative claim if his claims against the TriHealth defendants did not exist. (*Id.* at 7).

The Court is not persuaded that the parties are "completely unrelated" and that plaintiff's claim against defendant Alexander is inconsistent with the alleged discrimination or unlawful action taken by the TriHealth defendants. Plaintiff alleges that the numerous false statements made by defendant Alexander to TriHealth employees "were used by the TriHealth defendants as

4

a pretext to justify their unlawful termination of Plaintiff on August 27, 2018." (Doc. 19-1 at ¶ 57). Given that Rule 8(d) expressly permits a plaintiff to set forth alternate and even inconsistent statements of a claim, the Court concludes that plaintiff's alternate claim against defendant Alexander for tortious interference with contractual relations is sufficient.

Accordingly, for good cause shown, plaintiff's motion for leave to file a second amended complaint (Doc. 19) is **GRANTED**. Plaintiff's second amended complaint "supersedes the [first amended] complaint and is the 'legally operative complaint' in this matter." *Scuba v. Wilkinson*, No. 1:06-cv-160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). On August 26, 2019, defendant Alexander filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which is directed at the first amended complaint. (Doc. 12). In light of the granting of plaintiff's motion for leave to file a second amended complaint, defendant Alexander's motion to dismiss should be **DENIED** as **MOOT**.

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Defendant Alexander's motion to dismiss (Doc. 12) be **DENIED** as **MOOT**. Defendant Alexander is granted leave to file an answer or responsive pleading directed at the second amended complaint within **thirty (30) days**.

It is **ORDERED** that:

1. Plaintiff's motion for leave to file a second amended complaint (Doc. 19) is

**GRANTED**. The Clerk is **DIRECTED** to file plaintiff's second amended complaint (Doc. 19-1) on the docket of this Court.

Date: 2/10/20

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RANGA BRAHMAMDAM, M.D.,
Plaintiff,

vs.

TRIHEALTH, INC., et al.,
Defendants.

Case No: 1:19-cv-152
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).