UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RANGA BRAHMAMDAM, M.D.** | : | Case No. 1:19-cv-152 |
| | : | |
| Plaintiff | : | **Judge Susan J. Dlott** |
| | : | **Magistrate Judge Karen Litkovitz** |
| -vs- | : | |
| | : | |
| **TRIHEALTH INC., et al.** | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF RANGA BRAHMAMDAM'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL MEDICAL PROVIDER AND DAMAGE INFORMATION FROM DEFENDANT MARGO ALEXANDER (DOC. 57)**

**I.      INTRODUCTION**

The Court's subject matter jurisdiction in this case rests upon federal law pursuant to 28 U.S.C. §1331. (Doc. 27, PAGEID #336)   Specifically, Plaintiff asserts claims under 42 U.S.C. §1981, 42 U.S.C. §2000(e) et seq., 29 U.S.C. §626, 42 U.S.C. §1985, and 42 U.S.C.§1988. (*Id.*) The state law claims before the Court exist under its supplemental jurisdiction codified at 28 U.S.C. §1367. (*Id.*)   Defendant Alexander also brought her counterclaims against Plaintiff pursuant to 28 U.S.C. §1367.  (Doc. 33, PAGEID #391).

Alexander seeks damages from Plaintiff based upon two causes of action set forth in the counterclaim she filed in this case.  Those damages include loss of reputation and emotional distress, embarrassment, humiliation and "other negative emotions for each separate claim for

relief in an amount no less than $35,000 and/or up to any amount awarded at trial for each claim" (Doc. 59-1, PAGEID #582)[1]

Nevertheless, while Alexander seeks damages from Plaintiff for her alleged emotional distress injuries, she argues that she is protected from identifying her treating physicians and providing medical records relating to those injuries based on the following erroneous reasons:

(a) That the supplemental claims at issue between Plaintiff and Alexander only involve state law claims therefore the physician-patient privilege contained in Ohio Revised Code §2317.02(B)(1) protects her medical records from discovery in this case. (Doc. 59, PAGEID ##567-568);

(b) Alexander's medical records are protected from discovery pursuant to the psychotherapist/patient privilege. (Doc. 59, PAGEID #568)

(c) Alexander's damages she allegedly sustained from humiliation and emotional distress involve "garden variety" damages which do not involve a waiver of the physician-patient privilege. (Doc. 59, PAGEID #569);

(d) The medical record requests from Plaintiff are overly broad. (Doc. 59, PAGEID ##571-574).

For the reason set forth in his original Motion to Compel and those explained herein, the Court should grant Plaintiff's Motion to Compel.

## II. ARGUMENT

**FEDERAL PRIVILEGE LAW REGARDING THE PHYSICIAN-PATIENT PRIVILEGE GOVERNS THE PENDENT STATE LAW CLAIMS IN THIS CASE NOT O.R.C. §2317.02(B) (DOC. 59, PAGEID ##567-568)**

Alexander argues that the privilege issue between her and Plaintiff do not fall under federal common law but instead under Ohio statutory law. (Doc. 59, PAGEID #567) Thus, according to Alexander, Ohio's physician-patient privilege set forth in O.R.C. §2317.02(B ) controls whether her medical records are discoverable. Alexander is incorrect.

---

[1] One day before filing her opposition memorandum to Plaintiff's motion to compel, Alexander formally supplemented her initial disclosures on April 14, 2021, by identifying the emotional distress damages she is seeking against the Plaintiff in the case. (Doc. 59-1, PAGEID #582) Therefore, Plaintiff's request for an order requiring Alexander to amend her disclosures is now moot.

2

The physician-patient privilege does not exist under federal common law and Congress had not codified such a privilege. *G.M.C. v. Dir. of the Nat'l Inst. for Occupational Safety & Health*, 636 F.2d 163, 165 (6th Cir. 1980) (citing *Whalen v. Roe*, 429 U.S. 589, 602 n.28, 97 S. Ct. 869, 51 L. Ed. 29 64 (1977)) The physician-patient privilege is a creature of state law. see e.g., Ohio Revised Code §2317.02(B)(1), and in civil cases, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. In this case, federal law supplies the rule of decision as it arises under federal law.

For civil actions in the Sixth Circuit that contain federal claims along with pendent state law claims, the federal common law of privilege applies to all the claims. *Hancock v. Dodson,* 958 F.2d 1367, 1372-73 (6th Cir. 1992) (holding that physician-patient privilege did not apply to plaintiff's §1983 and pendent state claims). In so holding, the court looked to the legislative history of Federal Rule of Evidence 501 and reasoned that this approach "appeared to be most consistent with the congressional policy that 'in nondiversity jurisdiction civil cases, federal privilege law will generally apply *Id* citing H.R.REP. No. 1597, 93d Cong., 2d Sess. 7 (1974), reprinted in 1974 U.S.C.C.A.N. 7101)" *Id.* quoting *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455 (N.D. Cal. 1978). See also *Langenfeld v. Armstrong Word Industries, Inc.*, 299 F.R.D. 547, 551 (S.D. Ohio 2014) (citing to *Hancock* and stating that in a case where a district court is exercising federal question jurisdiction, the existence of a pendent state law claim does not relieve the court of its obligation to apply the federal law of privilege. (*Id.* at fn. 1); *Washington v. Randall-Owens*, No. 06-12588, 2007 U.S. Dist. LEXIS 28484 at ¶17 (E.D. Mich. Apr. 18, 2007) (holding that no physician-patient privilege exists in an action with federal claims, including §1983).

3

In the case at hand, the underlying civil action brought by Plaintiff presents federal questions regarding discrimination along with pendent state law claims. The federal common law privilege applies to all claims in this civil action including the state law claim asserted by Plaintiff against Alexander and her counterclaims against Plaintiff. (*Hancock* 958 F.2d at 1372-73) Consequently, Alexander cannot assert a physician-patient privilege over her medical records for her emotional distress and reputational injuries that do not involve mental health treatment by a psychotherapist.

### THE IDENTITY OF ALEXANDER'S MEDICAL CARE PROVIDERS AND THE DATES OF TREATMENT DO NOT FALL WITHIN THE PSYCHOTHERAPIST-PATIENT PRIVILEGE

In Interrogatory 19, Plaintiff seeks the identity of Alexander's health care providers, her dates of treatment, and the nature of treatment. These facts are not privileged from discovery as they do not fall within the psychotherapist-patient privilege. See *In re Zuniga*, 714 F.2d 632, 640 (6th Cir. 1983) (information sought as to identity of patients, the date of treatment, and the length of treatment on each date does not fall within a privilege.) See also *DeKany v. City of Akron*, No. 5:16CV1829, 2017 U.S. Dist. LEXIS 2713 at ¶3 (N.D. Ohio Jan. 9, 2017) (identity of a patient, or the fact and time of treatment, do not fall within the scope of the psychotherapist-patient privilege) Accordingly, Alexander should be ordered to provide complete answers to Plaintiff's Interrogatory No. 19.

### ALEXANDER HAS WAIVED THE PSYCHOTHERAPIST-PATIENT PRIVILEGE BY FILING HER COUNTERCLAIM AGAINST PLAINTIFF AND SEEKING EMOTIONAL DISTRESS AND REPUTATIONAL DAMAGES

In her opposition memorandum, Alexander states that under federal law "the existence of physician-patient privilege, including psychotherapist-patient privilege, has been expressly recognized." (Doc. 59, PAGEID #568) That statement is partially wrong as there is no

4

physician-patient privilege under federal law. Plaintiff does admit that a federal psychotherapist-patient privilege exists, but in this case, Alexander has waived that privilege.

In *Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996), the Supreme Court established a psychotherapist-patient privilege which applies between a licensed psychotherapist or psychologist and their patients in the course of diagnosis and treatment. However, like other privileges, a patient may waive this privilege. *Id.* at n.14. The Sixth Circuit has held that placing ones mental health at issue, constitutes a waiver of the privilege. *Simon v. Cook*, 261 Fed. App'x 873, 886 (6th Cir. 2008).

In her recent pleading, Alexander disclosed that she is seeking compensatory damages to her reputation, short term emotional distress, embarrassment, humiliation, and other negative emotions from Plaintiff for no less than $35,000 for each of her counterclaims. (Doc. 59, PAGEID #582) By placing her emotional distress claim at issue in this case, she has waived the psychotherapist-patient privilege. See *Maday v. Pub. Libraries*, 480 F.3d 815, 821 (6th Cir. 2007) (holding that in an age discrimination claim, the evidentiary privilege of mental health information is waived when plaintiff put "her emotional state at issue in the case."). *In re Zuniga*, 714 F.2d at 637 ("[t]here is no privilege…as to communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which she relies upon the condition as an element of [her] claim or defense").

In this Circuit, district courts have also held that the assertion of emotional distress damages waives any privilege. *Ross v. Bachand*, No. 14-CV-14122, 2016 U.S. Dist. LEXIS 3436, at ¶10 (E.D. Mich. Jan. 12, 2016); ("[Plaintiff] placed her medical records at issue in this case by filing claims for emotional distress damages. As long as [Plaintiff] seeks such noneconomic damages, [Plaintiff's] medical records are relevant and discoverable."); *O'Malley*

5

*v. NaphCare, Inc.*, 311 F.R.D. 461, 468 (S.D. Ohio 2015) ("[Plaintiff's] medical records are relevant to her claim for emotional distress damages."); *Maysey v. Henkel Corp.*, No. 1:17CV-00108-GNS, 2018 WL 314859, at ¶3 (W.D. Ky. Jan 5, 2018) (holding that "placing one's mental health at issue constitutes a waiver of the privilege."); *McMullen v. Reserves Network, Inc.*, No. 1:12CV2140, 2013 U.S. Dist. LEXIS 13304 at ¶¶2-3 (N.D. Ohio Jan. 31, 2013) (explaining that emotional distress claims in an employment discrimination lawsuit waive any privilege because these claims put medical and mental conditions at issue, resulting in the need for plaintiff to provide medical releases for all of her providers, "as it has long been the practice of federal courts to direct plaintiffs to provide authorizations so that defense counsel may obtain pertinent records directly from health care providers."); *Witschger v. E.I. DuPont de Nemour & Co.*, No. 1:11-CV-814, 2012 U.S. Dist. LEXIS 160902 at ¶3 (S.D. Ohio Nov. 9, 2012) ("to the extent plaintiff seeks damages for emotional distress, his medical records are relevant[.]");[2] *White v. Honda of Am. Mfg. Inc.*, No. 2:07-CV-216, 2008 U.S. Dist. LEXIS 112102 at ¶7 (S.D. Ohio Dec. 31, 2008) (medical records are relevant to determine the causal connection of an emotional injury); *Noble v. Ruby Tuesdays Restaurants, Inc.*, No. 2:06-CV-259, 2007 U.S. Dist. LEXIS 78924 at ¶6 (S.D. Ohio Oct. 23, 2007) ("Plaintiff's medical records are relevant to any claim for emotional distress or mental anguish unless Plaintiff affirmatively and unambiguously disclaims any claim based upon emotional distress or mental anguish, he must provide this discovery."); *Mirtes v. Norfolk S. Ry.,* No. 3:05CV7216, 2005 U.S. Dist. LEXIS 34935 at ¶1 (N.D. Ohio Dec. 22, 2005) ("Courts routinely direct plaintiffs to provide authorizations so that defense counsel may obtain pertinent records directly from health care providers.").

---

[2] In *Witschger,* this Court agreed that in a discrimination case, plaintiff's claims for emotional distress damages makes her medical records relevant.

Based upon the overwhelming precedent in this district and the Sixth Circuit, Alexander waived the psychotherapist-patient privilege by placing her mental status at issue.

### ALEXANDER'S CLAIM THAT SHE DID NOT WAIVE THE PSYCHOTHERAPIST-PATIENT PRIVILEGE BECAUSE HER EMOTIONAL DISTRESS DAMAGES ARE ONLY OF THE GARDEN VARIETY IS WITHOUT MERIT

Alexander contends that she has not waived the psychotherapist-patient privilege even though she is claiming thousands if not hundreds of thousands of dollars in damages allegedly caused by Plaintiff. She argues that her counterclaims against Plaintiff in which she seeks emotional distress damages do not constitute a waiver of that privilege because in her opinion the damages can be characterized as "garden variety". (Doc. 59, PAGEID ##569-570) Alexander is wrong.

Neither the Sixth Circuit nor any district court in this district has adopted the "garden variety" damage argument as an exception to the generally understood canon that by filing a lawsuit and seeking emotional distress damages, plaintiff has waived the psychotherapist-patient privilege. The most thorough discussion regarding this issue occurred in *Langenfeld v. Armstrong World Indus. Inc., supra*. In that case, Judge Frost discussed the concept of a non-waiver of the privilege when a plaintiff only seeks garden variety damages. *Langenfeld,* 299 F.R.D. at 551-553. However, Judge Frost did not adopt the garden variety damage waiver by reasoning that:

> It goes without saying that the Court cannot simply accept Plaintiff's assertion that her allegations of emotional distress constitute "garden variety" allegations. Instead, the Court must examine the substance of Plaintiff's allegations to determine what type of damages she is pursuing.

*Id.* at 553. Judge Frost recognized that Plaintiff's complaint that she suffered stress and ongoing sleep deprivation was sufficient to conclude that Plaintiff had waived the psychotherapist-patient privilege. *Id.* Consequently, because the "Plaintiff put her mental state at issue as the Sixth

7

Circuit used the term in *Maday*"*,* Plaintiff had waived the psychotherapist-patient privilege that would have applied to her medical records. Judge Frost ordered Plaintiff's medical records be produced.[3]

In addition, Judge Frost noted that Plaintiff had experienced other stressers in her life. Thus, the Court concluded that it would be fundamentally unfair to allow Plaintiff to assert that Defendant's actions caused her mental stress, but not allow Defendant to explore another stresser that was present at or around the same time. *Id.* at 554.[4] See also *Thomas v. Nationwide Children's Hosp., Inc.*, No. 2:14-cv-1236, 2015 U.S. Dist. LEXIS 162971 at ¶10 (S.D. Ohio Dec. 4, 2015) (medical records are relevant because they show that the Plaintiff had other ongoing mental health issues which either contributed to any emotional suffering, or aggravated the emotional distress allegedly caused by Defendant's actions); *White v. Honda of Am. Mfg., supra,* at ¶7 (medical records may also contain evidence to assist the Defendant in showing either the lack of causal connection between the employer's actions and an emotional injury, or the presence of multiple causes); *McMullen v. Reserves Network, Inc., supra*, at ¶4 (Defendant is entitled to Plaintiff's medical records in order to defend against Plaintiff's emotional distress claim by showing other causes for her mental distress).

Similarly, Alexander's medical records are relevant in this case. Alexander was seeing a psychiatrist in March 2018. (Doc. 57-11, PAGEID #528, Exh. 10) She had been treated by a psychiatrist presumably for a psychiatric or mental condition since she was eight years old. (Doc. 57-18, PAGEID #536)[5] In the spring of 2018 she was experiencing severe anxiety, her

---

[3] Alexander claims that damages awarded by a jury for emotional distress between $125,000 and $300,000 constitute garden variety damages. (Doc. 59, PAGEID #570) Plaintiff is unaware of any case in this district in which emotional distress damages in excess of $125,000 are characterized as garden variety.
[4] The Court ordered the Plaintiff to provide medical releases to allow the Defendant to obtain the medical records as that was the most efficient and economical way for Defendant's to obtain those records. *Id.* at 555.
[5] At the time Plaintiff was mentoring Alexander, she was 29 years old.

ADHD was possibly getting worse, and she was becoming more forgetful due to what she described as sleep deprivation. (Doc. 57-17, PAGEID #535, Exh. 16; Doc. 57-16, PAGEID #534) Alexander was also taking Adderall and mixing it with a late night wine cocktail in order to counter its effects. (Doc. 57-14, PAGEID #532, Exh. 14) As a consequence, she was considering taking an additional anti-depressant because she was a self-described "hot mess". (Doc. 57-12, PAGEID #529) Due to other stressers that have affected and continue to affect Alexander, Plaintiff is entitled to review her medical records to test the veracity of her emotional distress and mental anguish conditions that she claims she suffered which were allegedly caused by the Plaintiff. Alexander cannot use her medical condition as a sword against Plaintiff and then shield the very evidence which would either corroborate her damages or disprove those conditions exist resulting from Plaintiff's alleged conduct.

## PLAINTIFF'S REQUEST FOR ALEXANDER'S MEDICAL RECORDS IS NOT OVERBROAD

In Interrogatory No. 19, Plaintiff seeks relevant information for Alexander regarding the identification of her physicians, dates of treatment, and length of treatment from 2015 to the present. The request is relevant, non-privileged and not overbroad especially in light of the fact that Alexander has been treating with a psychiatrist since age 8.

In Document Request No. 20, Plaintiff seeks the medical records for these physicians from 2015 to the present. Again, the request is relevant, non-privileged, or, in the event a privilege exists, it has been waived, and not overbroad given her continual treatment by a medical professional since her childhood. These requests are not a fishing expedition and the confidentiality of these records will be maintained by the Court's prior entry of a protective order. (Doc. 42)

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff requests the Court order Alexander to answer Interrogatory No. 19 and produce documents pursuant to Document Requests 19 and 20. Plaintiff also requests that Alexander be required to sign a medical authorization for Plaintiff to obtain the records as that is the most economical manner in which to proceed with discovery.

          Respectfully submitted,

          /s/   Mark J. Byrne
          **MARK J. BYRNE (0029243)**
          **Trial Attorney for Plaintiff**
          JACOBS, KLEINMAN, SEIBEL & McNALLY, LPA
          The Cincinnati Club Building
          30 Garfield Place, Suite 905
          Cincinnati, Ohio 45202
          Tel: (513) 381-6600
          Fax: (513) 381-4150
          Email: mbyrne@jksmlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2021, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system, which sent Notice of the filing to all registered counsel and parties by operation of the Court's electronic filing system.

          /s/   Mark J. Byrne
          Mark J. Byrne (0029243)