IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RANGA BRAHMAMDAM, M.D., | : | |
| | : | Case No. 1:19-cv-152 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| TRIHEALTH, INC., *et al.*, | : | **ORDER OVERRULING OBJECTIONS** |
| | : | **AND ADOPTING MAGISTRATE** |
| Defendants. | : | **JUDGE'S ORDER** |
| | : | |

This matter is before the Court on Defendants TriHealth G, LLC's and TriHealth, Inc.'s (collectively, "TriHealth") Motion to Compel Production of Documents from Plaintiff Ranga Brahmamdam (Doc. 56); Plaintiff's Motion to Compel Medical Provider and Damage Information from Defendant Margo Alexander ("Alexander") (Doc. 57); the Magistrate Judge's Order (Doc. 70); Plaintiff's Objections to the Order (Doc. 73); and Alexander's response (Doc. 74). For the reasons indicated herein, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Order in full.

I.      BACKGROUND

Plaintiff filed the instant employment discrimination action alleging various federal and state law claims against TriHealth. (Doc. 1.) Plaintiff subsequently filed an Amended Complaint naming Alexander as a defendant and asserting a claim of tortious interference with contract against her. (Doc. 27.) Alexander asserts two counterclaims against Plaintiff for retaliation under state law. (Doc. 33.) TriHealth filed a Motion to Compel seeking Plaintiff's medical records (Doc. 56), and Plaintiff filed a Motion to Compel seeking Alexander's medical records, the identity and contact information of her mental health care providers and dates of examination, and damage information (Doc. 57). The Magistrate Judge denied TriHealth's

Motion, granted Plaintiff's Motion as to his request for the identity and contact information of Alexander's mental health care providers and dates of examination, and denied the remainder of Plaintiff's Motion. (Doc. 70.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 26(b)(1) the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Rule is liberally construed in favor of allowing discovery; "[a]ny matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered." *Craig-Wood v. Time Warner N.Y. Cable LLC*, No. 2:10-cv-906, 2012 WL 1288753, at *2 (S.D. Ohio April 16, 2012).

If a party fails to provide discovery responses, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). When seeking to compel the production of documents, the movant "bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010).

Magistrate judges are authorized to decide dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. A district court reviewing objections to a magistrate judge's order issued on a non-dispositive matter normally applies a "clearly erroneous or contrary to law" standard of review. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003); *see also* Fed. R. Civ. P. 72(a). Discovery disputes, including a motion to compel, are non-dispositive matters. *See Hastings v. Asset Acceptance, LLC*, No. 1:06-cv-418, 2007 WL 2572229, at *1 (S.D. Ohio Sept. 4, 2007); *see also Rogers v. AK Steel Corp.*, No. C-1-96-987, 1998 WL 1753590, at *2 (S.D. Ohio April 16, 1998).

### III.  LAW AND ANALYSIS

#### A.  Plaintiff's Motion to Compel Alexander's Medical Records

Plaintiff's central objection is that Magistrate Judge incorrectly determined that Alexander's medical records are protected by the psychotherapist-patient privilege.  Plaintiff's Objections to the Order largely rehash the same arguments the Magistrate Judge already addressed and rejected.[1]  This Court's review of the record and applicable law reveals there is ample support for the Magistrate Judge's decision.  Federal courts recognize the psychotherapist-patient privilege, but as with other testimonial privileges, this privilege can be waived.  *Jaffee v. Redmond*, 518 U.S. 1, 12, 15 n.14 (1996).  In the Sixth Circuit, a party waives the psychotherapist-patient privilege by placing their mental health "at issue."  *Simon v. Cook*, 261 F. App'x 873, 886 (6th Cir. 2008).  While courts vary on what constitutes placing one's mental health "at issue," the majority view appears to be that if a party merely seeks damages for "garden variety" emotional distress, he or she does not waive the psychotherapist-patient privilege.  *See, e.g., Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 552–53 (S.D. Ohio 2014); *Maysey v. Henkel Corp.*, No. 1:17cv-00108-GNS, 2018 WL 314859, at *3 (W.D. Ky. Jan. 5, 2018); *Atkins v. LQ Mgmt., LLC*, No. 3-13-0562, 2014 WL 12776326, at *3 (M.D. Tenn. Sept. 30, 2014).

---

[1] A large portion of Plaintiff's argument section is copied and pasted from Plaintiff's reply in support of his Motion to Compel. (*Compare* Doc. 63 at PageID 627–31, *with* Doc. 73 at PageID 704–08.)  As this Court has recently stated, "objections that recite arguments made to the magistrate judge effectively duplicate the functions of the district court 'as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the Magistrates Act.'  For these reasons, the Court will not address [the plaintiff's objections] further."  *Powers v. Durrani*, No. 1:18-cv-788, 2020 WL 5526401, at *1 (S.D. Ohio Sept. 15, 2020) (internal citation omitted); *see also Caddell v. Campbell*, No. 1:19-cv-91, 2021 WL 2176597, at *7 (S.D. Ohio May 28, 2021) ("[P]arties are expected to identify 'specific objections' to a magistrate judge's opinion, rather than simply rehash the same arguments that led to the magistrate judge's opinion in the first instance . . . .").

Here, Alexander's Supplemental Initial Disclosures indicate she seeks "[c]ompensatory damages for damage to reputation through false statements, public scrutiny, short-term emotional distress, embarrassment, humiliation, and other negative emotions." (Doc. 59-1 at PageID 582; *see also* Doc. 57-7 at PageID 524.) As the Magistrate Judge correctly noted, there are five circumstances under which a party alleges more than mere "garden variety" emotional damages such that the psychotherapist-patient privilege is waived. These include:

> (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

*Langenfeld*, 299 F.R.D. at 552 (citing cases). The Magistrate Judge thoroughly reviewed the record and Alexander's asserted damages and found none of these circumstances were present, and therefore determined Alexander has not placed her mental health at issue. (Doc. 70 at PageID 690–92.) The Court finds no basis to conclude that the Magistrate Judge's determination in this regard is clearly erroneous or contrary to law.[2]

**B.    Remaining Issues**

The parties did not object to the remainder of the Order. Although Alexander's medical records are privileged, the Magistrate Judge granted Plaintiff's Motion to Compel in part and ordered Alexander to provide the contact information and identity of her mental health care providers and the dates she was examined from 2015 to the present, as this information is outside

---

[2] Plaintiff also objects to the Order on the ground that the Magistrate Judge failed to address whether Alexander's medical records are relevant to determine whether other stressors caused the emotional distress for which Alexander seeks damages. (Doc. 73 at PageID 706.) Yet as the Magistrate Judge properly concluded that the medical records are privileged, the records are not discoverable, and relevance is immaterial.

4

the scope of the psychotherapist-patient privilege.[3] (Doc. 70 at PageID 692–93.)  The Magistrate

Judge also denied as moot Plaintiff's Motion to Compel in regards to damage information

because Alexander's Supplemental Initial Disclosures identified this information.  (Doc. 70 at

PageID 686 n.3.)  In addition, the Magistrate Judge denied TriHealth's Motion to Compel

Plaintiff's medical records.  (Doc. 70 at PageID 679–86.)  Given the Magistrate Judge's cogent

analysis and the lack of objections by the parties as to these findings, the Court adopts the Order

as to these issues as well.

## IV.     CONCLUSION

For the foregoing reasons, the Order (Doc. 70) is **ADOPTED** and Plaintiff's Objections

(Doc. 73) are **OVERRULED**.

**IT IS SO ORDERED**.


S/Susan J. Dlott_____
Susan J. Dlott
United States District Judge

---

[3] Alexander, in her response to Plaintiff's Objections, asks the Court to "review whether the information ordered to be disclosed is relevant to any of Plaintiff's claims or defenses."  (Doc. 74 at PageID 722.)  This is not a proper objection.