IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ranga Brahmamdam, M.D., | : |
| | : Case No. 1:19-cv-152 |
| Plaintiff, | : |
| | : Judge Susan J. Dlott |
| v. | : Magistrate Judge Karen L. Litkovitz |
| | : |
| TriHealth, Inc., *et al.*, | : **Order Denying Motion for Leave to File** |
| | : **Documents Under Seal** |
| Defendants. | : |
| | : |

This matter is before the Court on Defendant Margo Alexander's ("Alexander") Motion for Leave to File Portions of Depositions and Exhibits Under Seal (Doc. 79), Plaintiff Ranga Brahmamdam's ("Brahmamdam") response in opposition (Doc. 82), and Alexander's reply (Doc. 83). For the reasons that follow, Alexander's Motion is **DENIED**.

## I. BACKGROUND

Brahmamdam filed this employment discrimination action against Defendants TriHealth G, LLC and TriHealth, Inc. (collectively, "TriHealth") on February 25, 2019. (Doc. 1.) In the Amended Complaint, Brahmamdam asserts a claim of tortious interference with contract against Alexander, alleging she contacted TriHealth administrators and reported false accusations of Brahmamdam's unprofessional conduct. (Doc. 27 at PageID 341–43.) Alexander, in turn, asserts two counterclaims against Brahmamdam for retaliation concerning her opposition to Brahmamdam's alleged unlawful and harassing behavior. (Doc. 33 at PageID 397–99.) Alexander now seeks to file under seal certain portions of depositions and attached exhibits, asserting they contain "confidential information concerning Alexander's personal medical records, diagnoses and treatment related statements." (Doc. 79 at PageID 738.)

## II. STANDARD OF REVIEW

"Every court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Pursuant to Local Rule 5.2.1(a), "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." While a court has discretion to seal court records, that discretion is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180–81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)).

"To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). Further, the proponent of sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

The Sixth Circuit has held that exceptions to maintaining openness of court documents fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exceptions," which include "certain privacy rights of participants or third parties, trade secrets and national security." *Brown & Williamson*, 710 F.2d at 1179. "[I]n civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is typically enough to overcome" the presumption of openness. *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020).

### III. ANALYSIS

Alexander seeks to file under seal approximately 56 deposition exhibits and 200 pages of deposition testimony, contending these documents qualify for a content-based exception because they contain her confidential and personal medical information. (Doc. 79 at PageID 743–44.) More specifically, the information at issue largely concerns communications between Alexander and Brahmamdam wherein they discuss her medications, her medical issues or perceived medical issues, recommendations regarding therapy, and her mental health.[1] (*Id.* at PageID 744.) The Court has closely reviewed the parties' briefs as well as the documents Alexander now seeks to file under seal and finds that Alexander has failed to pass the high threshold established by the Sixth Circuit to file court documents under seal.[2]

---

[1] The deposition exhibits largely consist of text messages and e-mails between Alexander and Brahmamdam, and the majority of the deposition testimony discusses those communications.

[2] The Court previously issued a Stipulated Protective Order (Doc. 42) at the outset of discovery which covers the documents Alexander now seeks to file under seal. However, "[c]ourts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case." *Wiggins v. Bank of America, N.A.*, No. 2:19-cv-3223, 2020 WL 7056479, at *1 (S.D. Ohio Dec. 2, 2020). Unlike information simply exchanged between the parties during the discovery phase, "the public has a strong interest in obtaining the information contained in the court record," and therefore a movant seeking to file documents under seal faces the heavy burden of overcoming the strong presumption in favor of openness. *Shane Grp.*, 825 F.3d at 305 (cleaned up).

Alexander has not demonstrated a compelling interest warranting the documents be sealed. Alexander first claims the documents should be sealed based on the federal psychotherapist-patient privilege. (*Id.* at PageID 741–42.) That privilege, however, extends only to "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). Brahmamdam is an oncologist, not a licensed psychotherapist. (Doc. 79 at PageID 743; Doc. 82 at PageID 763.) Thus, the privilege does not extend to communications between Alexander and Brahmamdam regarding Alexander's medical information. Accordingly, the psychotherapist-patient privilege does not support Alexander's sealing request.[3]

Second, Alexander asserts the information sought to be sealed is protected by statute, namely, the Health Insurance Portability and Accountability Act ("HIPAA") and Ohio Rev. Code § 2317.02(B), Ohio's physician-patient privilege. (Doc. 83 at PageID 788–89.) Furthermore, Alexander contends Brahmamdam established a privileged "patient/provider relationship" with her because he made various diagnoses, provided her with medications, and recommended particular treatment options to her. (Doc. 79 at PageID 743–44.) Alexander also notes that in an interrogatory response she identified Brahmamdam as one of her health care providers. (Doc. 83 at PageID 790; Doc. 73-1.)

This Court has previously granted motions for leave to file documents under seal to protect the nondisclosure of private health information in light of HIPAA and Ohio Rev. Code § 2317.02(B). *See, e.g., Columbia Gas Transmission, LLC v. 171.54 Acres of Land*, No. 2:17-cv-

---

[3] The Court acknowledges it recently denied Brahmamdam's motion to compel Alexander's medical records from 2015 to the present based on the psychotherapist-patient privilege. (Docs. 70, 81.) That decision is in no way contrary to this Order as Alexander is not requesting to seal her medical records or communications with a licensed psychotherapist. Rather, she is seeking to seal communications with Brahmamdam during the course of their "mentorship" in which they discussed her medical information.

4

70, 2021 WL 4260422, at *2 (S.D. Ohio Sept. 20, 2021) (sealing a non-party witness's private health and medical information); *Harrison v. Scott*, No. 2:18-cv-1023, 2021 WL 2438858, at *2 (S.D. Ohio June 15, 2021) (sealing plaintiff's medical records); *In re E.I. Du Pont de Nemours and Company C-8 Personal Injury Litig.*, Nos. 2:13-MD-2433, 2:18-cv-00136, 2019 WL 3208711 (S.D. Ohio July 16, 2019) (same). However, "a mere reference to HIPAA does not mean that the Court should automatically grant [a party's] motion to seal." *Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91-DJH, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018); *see also Mitchell v. Tennessee*, No. 3:17-cv-00973, 2020 WL 6712169, at *2 (M.D. Tenn. Nov. 16, 2020).

Upon review of the documents Alexander seeks to file under seal, the Court finds that HIPAA and Ohio Rev. Code § 2317.02(B) do not support the sealing of documents in this case. As previously stated herein, the documents include conversations between Alexander and Brahmamdam wherein Alexander's medical information or prescriptions were discussed. The circumstances indicate that Alexander was not Brahmamdam's patient. Instead, he served as her mentor (Doc. 79 at PageID 743; Doc. 82 at PageID 764) and the two developed a "quasi-mentorship/life coach/volunteer relationship" (Doc. 33 at PageID 392). As such, their conversations were not solely limited to professional topics; they discussed a variety of topics including personal relationships and family, sex, Alexander's medications, and potential courses of treatment for Alexander. (*Id.* at PageID 393.) Given this factual scenario, the Court finds that no compelling interest exists to seal the medical information Alexander shared with Brahmamdam during the course of their "mentorship."

Lastly, the Court finds that the second *Shane Group* factor—whether the interest in sealing outweighs the public's interest in accessing the records—weighs slightly in favor of

denying Alexander's Motion. Alexander does have a privacy interest in sealing the documents at issue as they contain references to and suggestions regarding her medical information, and the Court has previously found that she has not waived the psychotherapist-patient privilege by placing her mental health at issue (Docs. 70, 81). However, the public also has an interest in accessing the documents. Alexander and Brahmamdam had a complicated relationship, and their discussions in the documents Alexander seeks to seal will likely be relevant to the Court's resolution of any forthcoming motions for summary judgment in this case.[4]

## IV. CONCLUSION

For the reasons set forth herein, Defendant Margo Alexander's Motion for Leave to File Portions of Depositions and Exhibits Under Seal (Doc. 79.) is **DENIED**.[5]

**IT IS SO ORDERED.**

_____
Susan J. Dlott
United States District Judge

---

[4] Given the Court's findings as to the first two *Shane Group* factors, the Court need not address the last factor.

[5] Alexander claims that one document should be sealed based on the need to protect an innocent third-party's medical information. (Doc. 83 at PageID 791, 799.) In an abundance of caution, the parties are directed to examine the documents and meet and confer to redact personally identifiable medical information insofar as it references said third-party. Documents that contain such information may be filed in redacted form.